UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANA DE JESUS,

Plaintiff,

v. Case No.: 2:25-cv-490-SPC-NPM

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**OPINION AND ORDER**

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation. (Doc. 19). Judge Mizell recommends affirming the Decision of the Commissioner of Social Security. Plaintiff objects (Doc. 20) and the Commissioner did not respond. The matter is ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must determine whether "the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks

and citations omitted). The Court, however, cannot "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* When objections are made, the district court engages in a *de novo* review of the issues raised.

The issues raised before the Magistrate Judge were whether the ALJ properly evaluated medical opinion evidence when formulating the residual functional capacity ("RFC") and whether the ALJ erred when evaluating Plaintiff's subjective complaints. (Doc. 19 at 6). Having examined the record, the Court overrules Plaintiff's objections and adopts Judge Mizell's Report and Recommendation in full.

Plaintiff has not engaged in substantial gainful activity since October 20, 2021, and has diagnosed impairments of bipolar disorder, schizoaffective disorder, anxiety, obesity, and C4/5 spondylosis. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 21). The ALJ also determined that Plaintiff had the RFC to perform light work,[1] that Plaintiff had no past relevant work, and, at Step Five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy. (Tr. 26–27, 38).

[1] The limitations are discussed below.

In July 2024, physician assistant Nicolas Santamaria completed a psychiatric/psychological impairment questionnaire regarding his monthly treatment of Plaintiff that began back in December 2022. Santamaria opined that Plaintiff's mental health symptoms caused none-to-mild limitations for understanding and memory, some moderate limitations with concentration and persistence, and some moderate-to-marked limitations in several areas. Specifically, Santamaria stated that Plaintiff would likely be absent from work more than three times per month and that her symptoms date back to 2018. (Tr. 35, 995, 998–99). The ALJ found these opinions partially persuasive because the evidence supported limitations, but the opinions of marked limitations and absenteeism were not supported by or consistent with Plaintiff's mental health treatment records, the mental status evaluations of record, or her activities of daily living. (Tr. 35).

In September 2024, Dr. Cohen opined that Plaintiff's psychiatric conditions exacerbated pain, and Plaintiff became overwhelmed and worked slowly as she experienced episodes of decompensation or deterioration in work or work-like settings with good days and bad days. Further, Dr. Cohen found Plaintiff had moderate-to-marked and marked functional limitations in many areas with symptoms dating back to October 2021 and that she would likely be absent from work more than three times per month. (Tr. 36, 1500–03). The ALJ did not find the opinions persuasive because the record evidence did not

support the finding of moderate work-related functional limitations associated with Plaintiff's mental health impairments, nor were they supported by the examination performed, the mental health treatment records, or the mental status evaluations. What's more, the opinions were also inconsistent with Plaintiff's daily living activities. (*Id.*)

Before the Magistrate Judge, Plaintiff challenged the ALJ's evaluation of opinion evidence from physician assistant Nicolas Santamaria and psychologist Laura Cohen. Plaintiff argued that the ALJ's finding of moderate limitations was not reflected in the RFC and Plaintiff challenged the ALJ's reliance on reported daily living activities. (Doc. 19 at 8, 20).

In evaluating the ALJ's decision, Judge Mizell found the ALJ properly evaluated the opinions of Santamaria and Dr. Cohen, and that the RFC was supported by substantial evidence. (Doc. 19 at 15–16). In fact, Judge Mizell noted that the ALJ specifically considered various treatment records and mental status exams from 2021 through 2024 as well as Plaintiff's own daily living activities, which the ALJ may do, in determining the RFC. (*Id.* at 16–19, 21). All of these records, according to Judge Mizell, provided substantial evidence to support the Commissioner's decision. (*Id.* at 19).

Plaintiff now lodges a multitude of objections to the Magistrate Judge's findings as contradictory. First, Plaintiff objects because "the Magistrate Judge misrepresents what the ALJ found" regarding Santamaria's opinion and

because the ALJ did not adequately explain what she agreed with when finding that Plaintiff would not have symptoms that interfered with her capacity to "(1) make simple work-related decisions; (2) complete a workday without interruptions from symptoms; or (3) ask simple questions 'up to 1/3' of the time despite stating she agreed with such restrictions described by P.A. Santamaria." (Doc. 20 at 3, 4). Plaintiff further objects to the Magistrate Judge's finding that some records referred to Plaintiff as stable and the characterization of her as "generally normal." (*Id.* at 6–7). Second, Plaintiff objects that there is no evidence of her engaging in significant daily activities that indicate she could perform sustained work in a competitive work environment. (Doc. 20 at 8–9). Third, Plaintiff objects that the ALJ replaced her own judgment for that of Santamaria's and Dr. Cohen's simply because a significant portion of the opinions was based on Plaintiff's subjective allegations. (*Id.* at 9–13). And finally, Plaintiff objects that the length, frequency, and nature of treatment are relevant factors that were not considered. (*Id.* at 20).

The ALJ determined an RFC as follows:

> Secondary to mental impairments, the claimant retains the capacity to understand, remember, and carry-out simple instructions and perform simple, routine tasks as consistent with unskilled work. The claimant can make judgments regarding simple work-related decisions. The claimant can respond appropriately to routine usual work situations and deal with routine changes in a routine work setting. In the course of work,

> the claimant is to have occasional in-person contact with the public. There are no limits regarding public telephonic contact and computer contact. The claimant is to have only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same.

(Tr. 26–27). In making the finding, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but subjective statements concerning the intensity, persistence and limiting effects of these symptoms were not bolstered by her treatment history or medical findings. (Tr. 27).

Contrary to Plaintiff's position, the ALJ clearly considered treatment records showing fluctuations in her mental status. The ALJ cited records spanning from October 2021 through April 2024, where the ALJ noted Plaintiff's diagnoses and the fluctuations in her mental status, *e.g.*, "unremarkable" mood, affect, behavior, and function in January 2022, and a later hospitalization for five days in January 2023 before returning to work for five hours a week in March 2023. The ALJ's summary of the "overall record" documented the good and the bad in reaching the conclusion that the RFC assessment was supported by the totality of the evidence "as comprehensively described." (Tr. 32). As such, there is substantial evidence supporting the ALJ's determination and the Court cannot say the ALJ improperly evaluated medical opinion evidence in determining the RFC. Thus, the above objections are overruled.

Judge Mizell also found that the ALJ did not reject Plaintiff's subjective complaints and indeed supported findings that Plaintiff's statements were not fully consistent with treatment history or the objective medical findings. (Doc. 19 at 23). Plaintiff objects that medical opinion was discounted based on limited activities of daily living and the available evidence. (Doc. 20 at 14).

The ALJ repeatedly found that Plaintiff's activities of daily living were inconsistent with an inability to perform all work activity because she could care for her two-year-old child, take care of personal needs, perform chores, prepare meals, drive, go out alone, shop and manage finances, socialize, attend church, care for a pet, and work at a salon. (Tr. 32, 34, 36, 37). In fact, the ALJ actually showed deference and reduced the RFC to account for Plaintiff's impairments, subjective complaints, and supported limitations even though the medical evidence did not support that Plaintiff is as functionally limited as she alleged. (Tr. 38). In any event, the ALJ did not solely consider Plaintiff's subjective complaints but rather did so alongside the above medical evidence. (Tr. 32). As such, Plaintiff's remaining objection is overruled.

Because the ALJ's decision is supported by substantial evidence, the decision of the ALJ is affirmed, and Judge Mizell's well-reasoned Report and Recommendation is adopted in full.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 23) is **ACCEPTED,** and the findings are incorporated. The objections are overruled.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record